TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00056-CV







Harold G. Hobbs, Appellant



v.



Jose Montemayor, Commissioner of Insurance, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 98-02806, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Appellant Harold Hobbs sought judicial review of an order of the Commissioner
of Insurance denying reinstatement of two insurance licenses.(1) The trial court affirmed the
Commissioner's order. We will affirm the judgment of the trial court.

 The licenses in question were originally issued to two managing general agents,
corporations that contracted with insurance companies to handle certain of their administrative
functions. See Managing General Agents' Licensing Act, Tex. Ins. Code Ann. art. 21.07-3,
§ 2(a) (West Supp. 2000). Hobbs was the controlling shareholder of each corporate managing
general agent. In connection with his order denying reinstatement, the Commissioner issued
findings of fact and conclusions of law. Although Hobbs disputes the correctness of the
Commissioner's legal conclusions, he does not contest the fact findings. We therefore draw many
of our background facts from the Commissioner's findings of fact.

 The Department of Insurance issued a managing general agent's license to Norfolk,
Inc., on October 27, 1967, and issued such a license to Boon-Chapman General Agency, Inc., on
October 31, 1967.(2) Each license was issued for one year and required annual renewal. Boon-Chapman's name was later changed to Texas Associated Investors Agency, Inc. ("TAIA"), and
Hobbs acquired his interest in TAIA in 1985. Hobbs renewed TAIA's license annually from 1986
to 1990. Hobbs acquired his interest in Norfolk in 1985, and Norfolk's license was likewise
renewed each year between 1986 and 1989.

 On October 31, 1990, Hobbs applied to the Department to renew TAIA's managing
general agent's license. The Department notified Hobbs that because the application lacked a list
of officers, directors, shareholders, and affiliates, TAIA's license could not be renewed. Hobbs
never submitted the requested documents. On September 25, 1989, Hobbs submitted a renewal
application to the Department for Norfolk. The Department ultimately notified Hobbs that it could
not renew Norfolk's license because the application lacked proof of Norfolk's security for liability. 
Hobbs never submitted proof of such security for liability. Evidence from the hearing before the
Commissioner shows that neither of the corporate agents had any further contact with the
Department about the licenses from the end of 1990 until 1997.

 In 1997, according to testimony at the hearing, a representative of the two managing
general agents contacted the Department about reinstating the licenses. Taking the position that
the failure to submit complete renewal applications had caused the licenses for each agent to
expire, the Department denied reinstatement. Hobbs appealed the denial to the Commissioner,
who determined after a hearing to uphold the denial.

 In his first point of error, Hobbs asserts that once timely applications for renewal
were submitted, the licenses continued to be valid until the Commissioner made a ruling on them. 
The version of the Managing General Agents' Licensing Act that applied to the licenses in 1990
provided:


(a) [E]very license issued hereunder shall expire one year from the date of its
issue, unless an application to qualify for renewal of such license shall be filed
with the commissioner and fee paid on or before such date, in which event the
license sought to be renewed shall continue in full force and effect until
renewed or renewal is denied.


Managing General Agents' Licensing Act, 68th Leg., R.S., ch. 622, § 72, 1983 Tex. Gen. Laws
3980, 3980 (Tex. Ins. Code Ann. art. 21.07-3, § 9(a), since amended). Hobbs contends that
because he complied with the statute by submitting timely applications, even though they were
deficient, the licenses "continue in full force and effect until renewed or renewal is denied." Id. 
Because the Commissioner never denied renewal, Hobbs argues, the licenses have remained in
effect continuously since 1990.

 As found by the Commissioner, however, the Department notified Hobbs that the
licenses could not be renewed. On December 5, 1990, the Department issued a notice stating that
TAIA's license could not be renewed because the renewal application lacked a list of officers,
directors, shareholders, and affiliates. See Managing General Agents' Licensing Act, Tex. Ins.
Code Ann., art. 21.07-3, § 4B(a) (West Supp. 2000). On June 19, 1990, the Department issued
a notice stating that Norfolk's license could not be renewed because the application lacked proof
of security for liability. See id. § 4C. Hobbs does not contest these findings, and he admits that
the Department returned the incomplete applications to him when it sent the notices declining to
renew. The Department's notices served the statutory function of denying renewal of the licenses. 
Because the Commissioner, through his departmental employees, denied renewal as required by
the statute, the Commissioner did not err in concluding that the licenses expired one year after
their most recent renewals. See In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994) (under
substantial-evidence test, appellate court reviews agency's legal conclusions de novo).

 Hobbs argues alternatively that the Department lacked authority to reject the
incomplete applications. He points out that not until 1991 did the legislature specify that one
renewing a managing general agent's license must file a "completed" application. See Managing
General Agents' Licensing Act, 72d Leg., R.S., ch. 242, § 11.68, 1991 Tex. Gen. Laws 939,
1098 (Tex. Ins. Code Ann. art. 21.07-3, § 9(a), since amended). We have not found in the
record, and Hobbs does not show us, where he presented this argument to the agency. This Court
lacks jurisdiction to consider an argument that a party failed to raise before the agency. See
Yamaha Motor Corp. v. Motor Vehicle Div., 860 S.W.2d 223, 229-30 (Tex. App.--Austin 1993,
writ denied). In any event, we believe that even under the version of article 21.07-3, section 9,
that applied in 1989 and 1990, the Department could reject an incomplete application. To accept
Hobbs' interpretation would allow incomplete applications to linger and managing general agents
to avoid annual renewal, contrary to the evident purpose of the statute. Because the statute
authorized the Department to reject Hobbs' incomplete applications and, as mentioned above, this
rejection constituted a denial of renewal by the Commissioner, we overrule point one.

 Hobbs argues in point of error two that the trial court's error was probably due to
his counsel's ineffectiveness in failing to fully explain to the trial court what effect on the public
the ruling in this case would have. We have no record showing counsel's explanation to the court
of the ruling's effect. Even if the record supported Hobbs' contention, an appellate court in a civil
case reviews the record only for error committed by the trial court, not for error committed by
counsel. See Tex. R. App. P. 33.1(a). We overrule point two.

 We affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: October 19, 2000

Do Not Publish

1. The Commissioner of Insurance who signed the order was Elton Bomer. Bomer has
since been succeeded in office by Jose Montemayor, whom we have substituted as appellee in this
cause. See Tex. R. App. P. 7.2(a).
2. Before 1991, the insurance industry was overseen by the State Board of Insurance and
a Commissioner. The duties of the former State Board of Insurance are now performed by the
Commissioner of Insurance or the Texas Department of Insurance, as set out in the Insurance
Code. See Tex. Ins. Code Ann. §§ 31.001-.003, .007 (West Supp. 2000); see also Act of May
27, 1991, 72d Leg., R.S., ch. 242, § 13.01, 1991 Tex. Gen. Laws 939, 1133. For convenience,
we will refer to the former Board of Insurance as the Department of Insurance.


 is denied.


Managing General Agents' Licensing Act, 68th Leg., R.S., ch. 622, § 72, 1983 Tex. Gen. Laws
3980, 3980 (Tex. Ins. Code Ann. art. 21.07-3, § 9(a), since amended). Hobbs contends th